# Zimmerman *against* Anders.

"Concerning my real estate, I do give, devise, demise and bequath unto my wife all that lot of land whereon I now dwells, together with all the appurtenances, &c.; and all the residue and remainder of my real and pursunal estate not bequeathed, whatsoever it may be, I give and bequeath to my wife; and after her decease and funeral expenses *is* paid *of*, it is my will what is left, whatever real or pursunal or money, is to go to the S. society," &c. The testator's wife died before him. *Held*, that the wife took an estate for life in the lot in question with vested remainder to the society, which became entitled to an immediate estate in possession on the testator's decease.

A devise to an association for religious purposes unincorporated at the testator's death but since incorporated, is good in Pennsylvania.

The conservative provisions of the statute 43 Eliz., relating to charitable uses, are in force in Pennsylvania.

ERROR to the Common Pleas of *Montgomery* county.

This was an action of ejectment for a messuage and 14 acres of land in Lower Salford township, in which George Anders, Jun. and Casper Schultz, poor-officers of the Schwenkfelder Society were plaintiffs and David Zimmerman defendant. The following case was stated for the opinion of the court, with a right to either party to take a writ of error:

Edmund Flinn, late of Lower Salford township in the said county of Montgomery, became in his lifetime lawfully seised in his demesne as of fee, of and in a certain messuage and tract of land situate in the said township of Lower Salford in the county aforesaid, containing 14 acres or thereabouts, bounded by lands of Benjamin Reiff, David Heckler and Henry Kulp, and being so seised, died about the 23d day of December 1836, having first made his last will and testament in writing, bearing date the 20th day of

May 1831, wherein and whereby he bequeathed and devised as follows, to wit: "First, It is my will that all my just debts and funeral expenses shall be paid *of* after my decease, out of my estate; and concerning my real estate, I do give, devise, demise and *bequuth* unto my beloved wife Maria *Flin*, all that lot of land whereon I now *dwells*, together with all the appurtenances thereunto belonging, situate in *Loer* Salford township aforesaid, containing *forteen* acres more or less of land; and all the residue and remainder of my real and *pursunal* estate, not bequeathed, whatsoever it may be, I give and bequeath to my beloved wife Maria Flinn; and after her decease and funeral expenses *is* paid *of*, it is my will what is left, whatever real or *pursunal* or money, is to go to the Schwenkfelder Society poor-officers hands to be for the poor of their society. And lastly, I do nominate and appoint Benjamin Anders to be executor of this my last will and testament, in trust for all the interests and purposes in this my will contained."

Maria Flinn died about the year 1832. It is admitted there is such a society as Schwenkfelders, of which said testator was a member, existing in said county, who are and have been for a long time past associated for religious purposes, and that said society was not incorporated at the time of the testator's death, nor at the time of bringing this suit, but are now. The plaintiffs named in this suit were and are the poor-officers of said society. Nathaniel P. Brown is next of kin and heir at law of said testator. If upon these facts the court shall be of opinion that the plaintiffs are entitled to take said land under said will, then judgment to be entered for the plaintiffs; if not, then judgment to be entered for the defendants.

The court below gave judgment for the plaintiffs, on the case stated, which was assigned for error.

*Dimond* and *Mulvany*, for the plaintiff in error, contended that Maria Flinn took a fee-simple under the will; 15 *Johns.* 19; 16 *Johns.* 537; 10 *Johns.* 19; 1 *Johns. Ch.* 220; 4 *Wash. C. C.* 645; 5 *Mass.* 501; Busby v. Busby, (1 *Dall.* 226); French v. *M'Ilhenny*, (2 *Binn.* 20); Weishaupt v. Brehman, (5 *Binn.* 118); Morrison v. Semple, (6 *Binn.* 94; and that the society, not having been incorporated at the testator's death, had no capacity to take. *M'Girr* v. *Aaron*, (1 *P. R.* 49); Hobart 33; 4 *Wheat.* 27.

*Brooke*, contra, argued that the wife took only an estate for life in the lot in question, and the remainder in fee vested in the society. That the devise to the society was good, he cited *Methodist Church* v. *Remington*, (1 *Watts* 218); 9 *Cranch* 328; 1 *Atk.* 437; 3 *Pet.* 119; Witman v. Lex, (17 *Serg. & Rawle* 92); Case of Sarah Zane's Will, (*Circ. Co. U. S.*, BALDWIN, J.).

The opinion of the Court was delivered by
SERGEANT, J. — The intent of the testator must govern, in the

interpretation of wills, if there be nothing in that intent which conflicts with the regulations of law concerning the nature and enjoyment of estates. If there be a devise of land to one in fee with the power of absolute disposal superadded, and then a limitation over to another of what is left at his decease, it has been decided that such limitation over is void because it is repugnant to the estate in fee first granted, and to the absolute gift to the first taker, and that was the point in the cases cited from 15 *Johns.* 169 : 16 *Johns.* 537. But here there are no expressions showing that the wife was to have the whole disposal of the lot ; and though the word "estate" standing by itself carries a fee, yet it is not a word of art but of interpretation, and its meaning is affected by other clauses and dispositions in the will. If the testator had stopped at the devise to his wife of all the residue and remainder of his real and personal estate, no doubt, she would have had the fee by virtue of the words, "residue and remainder of his estate not bequeathed ;" but when he proceeds to dispose of it after her decease by giving over to another what is left after paying her funeral expenses, the intention to give her an estate for life only is manifest, and the limitation over is not repugnant to the previous devise but explanatory of it. We think, therefore, that Maria Flinn took under the will an estate for life in this lot, with vested remainder to the plaintiffs, who by reason of the death of the wife before the testator became entitled to an immediate estate in possession on the testator's decease.

The next question is, whether the plaintiffs could take the lot in question by virtue of the devise, being then, and for a long time an unincorporated association for religious purposes, and now incorporated, existing in the county of Montgomery in this State. That such a devise is good, and that a religious society may take and hold a bequest or devise for charitable purposes, has been too solemnly and repeatedly adjudicated to be now called in question. No Judge of this State has in any case doubted it, and every decision has sanctioned it. And it must needs be so, whether we consider either the uniform understanding and usage of the province and State from its first settlement, or the repeated recognitions of these rights and privileges by distinct and peculiar clauses in our constitutions, or the well-known and long-settled principle of our courts, that equity forms part of the law of Pennsylvania, and that the doctrines of the English Court of Chancery will be enforced in our decisions so far as they are applicable to our situation and capable of being administered by the forms of our judicial tribunals, either in a common law proceeding, or in such branches of equity jurisdiction as are expressly given. And though the statute 43 Eliz. is not in force in Pennsylvania, it would seem it is so considered rather on account of the inapplicability of its regulations as to the modes of proceeding, than in reference to its conservative provisions ; these, I conceive, have been in force here by

[Zimmerman v. Anders.]

common usage and constitutional recognition, and not only these, but the more extensive range of charitable uses which chancery supported before that statute and beyond it. Of such recognition of parts of a statute, though the statute itself be not in force, we are not without other examples. It is unnecessary, however, to enlarge on a point so often considered and fully and ably examined in the various decisions. We think the devise to the plaintiffs clearly good, and that by the settled law of this State they are capable of taking and holding the lots in question for the purpose expressed in the will.

Judgment affirmed.