## Frazier, Trustee, *v.* St. Luke's Church, Appellant.

[Marked to be reported.]

*Charitable use—Trustee.*

A bequest or devise for a charitable use, is not void because given to a person or corporation incapable of taking or holding the legal title. In such a case the court of common pleas in the exercise of its equity powers may appoint a trustee to enforce the trust.

*Equity—Appointment of trustee to preserve charitable use.*

Where a bequest is made to "The Domestic and Foreign Missionary Committee of the Protestant Episcopal Church in the United States of America," and it appears that there is no corporation or association of that name, capable of taking the legal title, the court of common pleas may appoint a trustee to enforce the trust contemplated by the testatrix.

Argued Jan. 13, 1892. Appeal, No. 165, July T., 1891, by defendant, from judgment of C. P. No. 4, Philadelphia Co., June T., 1891, No. 782, on case stated. Before Paxson, C. J., Sterrett, Williams, McCollum, Mitchell and Heydrick, JJ.

Case stated between William W. Frazier, trustee of The Foreign and Domestic Missionary Society of the Protestant Episcopal Church of the United States of America and The Rector, Church Wardens and Vestrymen of St. Luke's Church, in the city of Philadelphia. The case stated was as follows:

"Miss Catherine M. Moore died seized of two certain ground-rents of forty-five dollars per annum each, issuing out of the premises 1315 and 1317 Pine street, in the city of Philadelphia, described in a deed from John Crean, Jr., to Catherine M. Moore, dated the thirteenth day of December, 1832, and recorded at Philadelphia in Deed-book A. M., No. 28, page 590, etc.

"And by her last will and testament, dated the ninth day of April, 1863, duly proved at Philadelphia on the 3d February, 1864, and recorded in the office of the register of wills in Book of Wills No. 52, pages 142, etc., the said Catherine M. Moore did devise and bequeath all the rest, residue, and remainder of her estate, whether real or personal, including the said two ground-rents, unto the Domestic and Foreign Missionary Committee of the Protestant Episcopal Church in the United States of America, their successors and assigns, and the Hospital of

the Protestant Episcopal Church in Philadelphia, its successors, in equal shares.

" That Asa Whitney became duly seized of the said two lots of ground subject to the payment of the said two ground-rents of forty-five dollars each, by a deed from William Chamberlain and others, heirs of John Chamberlain, deceased, dated the 13th June, 1870, acknowledged the same day, and recorded in Deed-book J. A. H., No. 59, pages 324, etc. And by deed dated March 7th, 1871, duly recorded in Deed-book J. A. H. No. 127, pages 141, etc., the said Asa Whitney and wife granted the said premises to the defendant, in trust, to be occupied and used as and for a home for aged indigent women as now established and conducted under the direction of the rector, church-wardens, and vestrymen of St. Luke's Church, ' under and subject to the payment, nevertheless, of one undivided moiety or half part of the said two yearly ground-rents of forty-five dollars, to whomsoever may be legally entitled to recover the same, when and as the same shall become due and payable.'

" The remaining one moiety of the said two ground-rents had been previously extinguished by the Episcopal Hospital, the devisees of the same.

" At the time of the conveyance by Mr. Whitney to defendants he executed a paper, a copy of which is hereto annexed, by which he paid the defendants the sum of $750, being the principal of one moiety of the said ground-rents, to be applied to the extinguishment of the principal of the said ground-rents, which has been duly received and invested, and, together with the interest thereon, remains in the defendants' hands, as also the sum of $600, to be applied to the expenses of extinguishing the said ground-rent.

" ' The Domestic and Foreign Missionary Society of the Protestant Episcopal Church in the United States of America' was incorporated May 13, 1846, and amendments thereto by the legislature of the state of New York.

" There does not appear to be any corporation as named in the above will of Catherine Mary Moore, as ' The Domestic and Foreign Missionary " Committee " of the Protestant Episcopal Church in the United States of America.'

" By proceedings in the court of common pleas, No. 4, in the

matter of the estate of Catherine M. Moore, on petition of the attorney-general of the state of Pennsylvania, setting forth the devise of the said Catherine M. Moore as to one moiety of the said ground-rents as aforesaid, and that there was no person capable of taking the legal title to a moiety of the said two ground-rents, the 'committee' being a fluctuating body of persons known as 'The Foreign and Domestic Missionary Society of the Protestant Episcopal Church in the United States of America,' a corporation chartered under the laws of the state of New York, as set forth in the proceedings, a copy of which is hereto annexed, the plaintiff was appointed trustee under the provisions of 'An Act relating to corporations, and to estates held for corporate, religious, and charitable uses,' approved April 26, 1855, P. L., 331, of the undivided moiety of the two ground-rents for forty-five dollars each per annum, described in the deed from John C. Crean to Catherine M. Moore, bearing date December 13, 1832, recorded in the office for recording deeds for the city and county of Philadelphia, in Deed-book A. M., No. 23, page 590, in trust for the support of missionaries or religious teachers of the Protestant Episcopal Church in the United States of America within the United States and foreign countries, the income to be paid to and disbursed by and under the direction of the Foreign and Domestic Missionary Society of the Protestant Episcopal Church in the United States of America. And it was further ordered and decreed that the said William W. Frazier, trustee, may at any time extinguish the said ground-rents on receipt of the principal thereof, and on such extinguishment he shall account for and pay the moneys derived therefrom to the Domestic and Foreign Missionary Society aforesaid, in trust, for the uses aforesaid.

" It is agreed that, if on the above facts this court shall be of opinion that the title to the said ground rent is legally vested in the said plaintiff, and the plaintiff can maintain this suit for the arrears of the said ground-rent, that judgment shall be entered in favor of the plaintiff for the sum of $877.50, being the arrears of one moiety of the ground-rents which have become due and payable out of the same premises, from the date of the said conveyance to the defendants from Asa Whitney and wife, dated the seventeenth day of March, 1871, without interest on said arrears.

" It is further agreed that the charter and by-laws of the Foreign and Domestic Missionary Society of the Protestant Episcopal Church in the United States of America shall be a part of this case stated, and that either plaintiff or defendant may take an appeal from the judgment of this court in this cause to the Supreme Court of Pennsylvania."

The court entered judgment in favor of the plaintiff on the case stated. Defendant appealed.

*Errors assigned* were (1) the entry of judgment; (2) that judgment should have been for the defendant because no title to the moiety of the two ground-rents for forty-five dollars each, for the arrears of which this suit was brought, and which were devised by Catherine M. Moore to the Domestic and Foreign Missionary Committee of the Protestant Episcopal Church in the United States of America, became vested in the plaintiff by virtue of the proceedings in the court of common pleas, No. 4, of the city and county of Philadelphia, taken in accordance with the act of assembly of April 26, 1885, entitled, " An Act relating to corporations and to estates held for corporate religious and charitable uses," and the judgment should have been for the defendant.

*Morton P. Henry*, for appellant.—At the time when the will went into effect a foreign corporation could not take or hold real estate in Pennsylvania. The misnomer would not have prevented " The Foreign and Domestic Missionary Society of the Protestant Episcopal Church," from taking if it had been capable of so doing : The Domestic and Foreign Miss. Soc. App., 30 Pa. 426.

The present case does not come within any of the provisions of the Act of April 26, 1855. The defect cannot be supplied by appointing a trustee for a body forbidden by law to hold real estate in Pennsylvania as this is expressly forbidden by the fifth section of the act. The case falls within the category of void bequests, as for instance, to a corporation not in existence : Zeisweiss v. James, 63 Pa. 465.

The Foreign and Domestic Missionary Society cannot be called a trustee of the funds, and there was no power to appoint a trustee to carry out Miss Moore's intentions because the devisee was unable to take or hold these ground-rents.

The defect is not cured by the Act of June 8, 1891, P. L. 211. That act is capable of curing a defeasible title, but will not affect a devise which is void, as the interest of others intervene.

*R. C. McMurtrie*, for appellee.—1. Where a trustee is incompetent to take the gift for any reason, the court will appoint another trustee to enforce the trust: Zimmerman v. Anders, 6 W. & S. 218; McGerr v. Aaron, 1 Pa. 49.

The beneficiaries are the real owners; the trust for them being lawful, the incapacity of the trustees, or the want of one, is of no moment.

The object of the present devise was charity. The devisees would have been trustees for the charity if they could have taken: Lydiatte v. Foach, 2 Vernon, 411.

OPINION BY MR. CHIEF JUSTICE PAXSON, January 25, 1892.

This case presents a question which would be interesting to discuss, were not the law controlling it already authoritatively settled. It is, whether a bequest or devise for a charitable use, is void, because given to a person or corporation incapable of taking or holding the legal title.

The 10th section of the Act of April 26, 1855, P. L. 331, provides: "That no disposition of property hereafter made for any religious, charitable, literary or scientific use, shall fail for want of a trustee, or by reason of the objects being indefinite, uncertain, or ceasing, or depending upon the discretion of a last trustee, or being given in perpetuity, or in excess of the annual value hereinbefore limited; but it shall be the duty of the orphans' court, or court having equity jurisdiction in the proper county, to supply a trustee, and by its decrees to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law and equity, " etc.

This statute was merely declaratory of the law as it had existed and been enforced by the courts of chancery in England for hundreds of years. It is true, there was a time in this country when the judicial mind was clouded upon this question, and a different rule prevailed, notably in the courts of last resort in Virginia, Maryland, and in the Supreme Court of the United States. But the time came when the scales fell from

the judicial eye, and the sublime 'doctrine of Scripture, that " charity never faileth," at length prevailed. It would be an affectation of learning to review the authorities bearing upon this question. That is only necessary where the law is unsettled. It is sufficient to refer to Zimmerman v. Anders, 6 W. & S. 218. It was there held, that " a devise to an association for religious purposes, unincorporated at the testator's death, but since incorporated, is good in Pennsylvania." There the devise was to a myth. A devise to an unincorporated association is a devise to nobody. But the devise in this instance did not fail, and why? Because it was for a charitable or religious use, and the beneficiaries were the real owners. A gift to the lame, the halt, and the blind, is not to fail in the nineteenth century, because the legal title is given to a person or corporation incapable of taking it, or even forbidden by law to take it. Chancery here steps in to enforce the charity, and commits it to some one who may lawfully administer it.

Was there a charity intended here? Of this there cannot be a question. No one has or will contend, that any beneficial interest was intended to be conferred upon the individuals who might then constitute, or who might hereafter constitute, the missionary committee. The object of the devise was clearly that charitable work, which the missionary committee had in charge, and the beneficiaries were the persons whose welfare was to be promoted by the work. The devise to the corporation could not take effect, because forbidden by the law of this state. It was therefore competent for the court of common pleas, sitting in equity, to enforce this charity, and this it did by appointing a trustee for that purpose. The judgment was properly entered for the plaintiff, and it is affirmed.