## Kortright's Estate (No. 2).

*Decedents' estates—Bequest to religious and charitable corpora-*
*tions—Excess over income allowed by statute—Acts of April 26,*
*1855, P. L. 328; July 7, 1885, P. L. 259; May 9, 1889, P. L. 173,*
*and May 23, 1895, P. L. 114.*

1. Where a testatrix gives the residue of her estate equally to
four religious and charitable corporations and at the time of her
death, two of these corporations hold assets equal to or exceeding
the amounts which their respective charters authorized them to
hold, but, after her death, the powers of each are enlarged by a
decree of the court, and, at the time of the adjudication in the
estate, each is authorized to receive an annual income in excess
of what would be realized from one-fourth of the residuary
estate, the next of kin of the testatrix have no standing in court
to object to an awarding of one-fourth of the residuary estate to
either of such organizations on the ground of incapacity to take
the bequest.

Argued May 1, 1912. Appeals, Nos. 107-108-109-110,
Jan. T., 1912, by George W. Covington, Ellen C. Toad-
vine, Mary L. Tingle and Laura Denby, next of kin, from
decree of O. C. Phila. Co., April T., 1908, No. 191, dis-
missing exceptions to adjudication in estate of Martha
Ellen Kortright, deceased. Before BROWN, MESTREZAT,
POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.
The opinion of the Supreme Court states the case.

*Errors assigned* were in dismissing exceptions to ad-
judication.

*Alex. Simpson, Jr.,* with him *J. Morris Yeakle* and
*George B. Covington,* for appellants.—It is a matter of
no moment that the gifts to the charities implies an
intention to disinherit the next of kin, for such an in-

tention even if expressly stated, and a fortiori if only implied from an invalid gift to another, cannot defeat his right unless accompanied by an express valid gift to some one else: Clayton v. Clayton, 3 Binn. 476; Bender v. Dietrick, 7 W. & S. 284; Nebinger's Est., 185 Pa. 399; McGovran's Est., 190 Pa. 375. Section 12 of the Act of 1855 is of no relevancy to the present controversy for the reason that it applies only to and forbids accumulations of income: Lawrence's Est., 136 Pa. 354.

To name new legatees would be to pro tanto make a new will for testatrix, and no act of assembly authorizes that. The Acts, Act of April 26, 1855, Sec. 10, P. L. 328, its first amendment by Act May 9, 1889, P. L. 173, and its final amendment by Act May 23, 1895, P. L. 114 relate, as decided in Houston's Est., 12 Pa. D. R. 121, per ASHMAN, J., to gifts in "trust" for charitable uses.

He who seeks to take and hold property as against the heir or next of kin of the decedent last owning it, must show a clear title thereto; to doubt is to deny the right of other than the heir or next of kin: Brendlinger v. Brendlinger, 26 Pa. 131; Abel v. Abel, 201 Pa. 543; Com. v. R. R. Co., 27 Pa. 339; Pitts. & Steubenville R. R. Co. v. Allegheny County, 79 Pa. 210.

Upon principle and authority in this state, therefore, the next of kin having a special and peculiar interest may raise the question of the validity of a bequest, which if given to the charity would result in a violation of law.

*John G. Johnson,* with him *H. S. Prentiss Nichols* and *Charles H. Mathews,* for appellees.—Even though the appellees be not entitled to retain the legacies given to them the Commonwealth alone is interested.

The next of kin are not interested and have no right to object: Jones v. Habersham, 107 U. S. 174 (2 Superior Ct. Repr. 336) ; Cornell University v. Fiske, 136 U. S. 152 (10 Supr. Ct. Repr. 775) ; Pittsburgh-Connellsville R. R. Co. v. Allegheny, 63 Pa. 126; Leazure

v. Hillegas, 7 S. & R. 313; Hagerman v. Empire Slate Co., 97 Pa. 534; Smith v. Sheeley, 79 U. S. (12 Wallace) 358. The statutes prescribe a remedy by which the funds can be applied for the uses of the appellees, even though they have not a right, in their corporate capacity, to receive them.

OPINION BY MR. JUSTICE BROWN, July 2, 1912:

The testatrix gave the residue of her estate, amounting to $1,236,989.25, equally to the Presbyterian Hospital in Philadelphia, the Board of Home Missions of the Presbyterian Church in the United States of America, the Board of Education of the Presbyterian Church in the United States of America, and the Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers. Two of these organizations—the first and fourth—held assets at the time of the death of testatrix equal to or exceeding the amounts which their respective charters authorized them to hold, but, after her death, the powers of each were enlarged by a decree of one of the Courts of Common Pleas of Philadelphia County, and, at the time of the adjudication in the court below, each was authorized to receive an annual income in excess of what would be realized from one-fourth of the residuary estate of the testatrix. The appellants, her next of kin, objected to the award of one-fourth of the residuary estate to either the Presbyterian Hospital in Philadelphia or the Presbyterian Board of Relief for Disabled Ministers and the Widows and Orphans of Deceased Ministers, on the ground of its incapacity to take the bequest, and their contention is that, as the two bequests have failed, the testatrix died intestate as to one-half of her residuary estate, and the same has passed to them as her next of kin. The court below refused to sustain this contention, and from the decree awarding to each of the appellees one-fourth of the residuary estate there

have come these appeals by the next of kin of the testatrix.

If the bequests to the appellees had not failed at the time of the adjudication, the appellants had no standing in the court below, and have none here; and, if their appeals are to be dismissed because the bequests had not failed, no other question raised by them or the appellees will call for any discussion.

It is first to be noted that the bequests to the appellees are not void because they are given by a will not executed in compliance with the requirements of the statute regulating the execution of a will making a charitable or religious bequest. It was executed more than one calendar month before the decease of the testatrix, and was attested by two credible and, at the time, disinterested witnesses. The sole contention of the appellants is that the bequests failed because they gave to each of the appellees an annual income in excess of what it was entitled to receive. Did the bequest fail for that reason? Starting with the Act of April 26, 1855, P. L. 328, there is found in it an express declaration of legislative intention that no disposition of property for any religious, charitable, literary or scientific use shall fail by reason of its being in excess of the annual income which the corporation to which the bequest is made is permitted to receive; but where such a disposition is made, the duty of the Orphans' Court is, by its decree, to carry into effect the intent of the testator so far as the same can be ascertained and carried into effect consistently with law or equity, and, if the disposition be in excess of the annual value permitted to the corporation by law, "such disposition, so far as exceeding the power of the courts to determine the same by the rules of law or equity, shall be taken to be further regulated and disposed of by the legislature of the Commonwealth in manner as nearly in conformity with the intent of the donor or testator as practicable." Following the Act of 1855 is the Act of

July 7, 1885, P. L. 259, which provides that, in the disposition of property by will, made or to be made for any religious, charitable, literary, educational or scientific use or purpose, if the same shall be void for uncertainty, or the object of the trust be not ascertainable, or has ceased to exist or be an unlawful perpetuity, such property shall go to the heirs at law and next of kin of the decedent, as in the case of persons who have died or may die intestate. It is to be observed that this act, in enumerating the cases in which bequests shall fail and go to the next of kin of the testator under the intestate laws, is silent as to a bequest or gift to an organization or corporation in excess of the annual value allowed to it by law. There next comes the Act of May 9, 1889, P. L. 173, which declares "that no disposition of property heretofore or hereafter made for any religious or charitable use, shall fail for want of a trustee or by reason of the objects ceasing, or depending upon the discretion of a last trustee, or being given in perpetuity, or in excess of the annual value limited by law; but it shall be the duty of any court having equity jurisdiction in the proper county, to supply a trustee, and by its decrees to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law or equity, subject to an appeal as in other cases in said courts respectively, and to be reviewed, reversed, affirmed or modified by the Supreme Court of this state." Finally, there is the Act of May 23, 1895, P. L. 114, slightly amending the tenth section of the Act of 1855, but expressly preserving the intention expressed in that section to save a bequest to a charitable use from failure when the same may be in excess of the annual value which the charitable legatee may be permitted to receive. With the express legislative intention found in the Acts of 1855, 1889 and 1895, that a disposition to a charitable use shall not fail because it may be in excess of the annual value permitted

by law to the legatee, the court below proceeded to discharge the duty imposed upon it of making a decree to carry into effect the intent of the testatrix. If the decree made is not a proper one, it is not open to objection by the appellants, for the acts of assembly referred to will not permit the bequests to fail and pass to the next of kin of the testatrix. There was, therefore, no right in them at the time of her death to demand that any portion of her residuary estate should pass to them because of an alleged disregard of the law, for the very act under which they claim provided how the bequests should be saved; and, if the disposition made by the testatrix exceeded "the power of the court to determine the same by the rules of law or equity," then the bequests are to be taken as having "been made subject to be further regulated and disposed of by the Legislature of this Commonwealth," in manner as nearly in conformity with the intent of the testatrix as practicable. When the appellees claimed their respective bequests at the adjudication in the court below, each had become empowered to receive it by decree of the Court of Common Pleas, and, even if the learned court below did err in awarding the bequests to them—which we do not even intimate—the next of kin and heirs at law of the testatrix have no standing to protest. The Acts of 1889 and 1895 have taken away from them all right to object. In Frazier v. St. Luke's Church, 147 Pa. 256, it was said by Mr. Chief Justice PAXSON: "A gift to the lame, the halt, and the blind, is not to fail in the nineteenth century, because the legal title is given to the person or corporation incapable of taking it, or even forbidden by law to take it." While this may have been drastic, we may now conservatively say that, under our statutes, the bequests of the testatrix to the appellees could not fail, and it became the duty of the court below to save them. The only answer of learned counsel for appellants to this is that the Acts of 1855, 1889 and 1895 relate only to bequests for religious or charitable uses,

and do not apply to gifts to religious or charitable organizations or corporations. Of this the learned court below said: "The distinction between a gift to a charitable corporation already in existence or to be organized and a gift for a charitable use seems to be without a difference." To this we may add that, as the appellees were created for religious and charitable purposes, and for such purposes alone, the bequests to them are for charitable and religious uses alone, and cannot be devoted to or used for any other purposes. And, in addition, the eighth section of the Act of 1855 speaks not of religious or charitable uses, but of charitable or religious societies, congregations, associations or corporations.

The appellants having no right to complain of the decree made by the court below, their appeals from it are dismissed with costs.