## Latrobe Hunting and Fishing Club, Limited, et al. v. Decker.

*Ellis S. Orvis, W. D. Zerby* and *A. C. Dale*, for plaintiff.
*W. G. Runkle, N. B. Spangler* and *Ivan Walker*, for defendant.

FLEMING, P. J., Aug. 9, 1928.—This is a bill in equity to compel the defendant to convey to plaintiff certain real estate pursuant to an alleged agreement in writing. For reason stated in Beaver et al. v. Weaver et al., No. 1, September Term, 1926, Sitting in Equity, we proceed with the disposition of this matter as if originally heard before us, in order that a strict compliance with the Equity Rules may be had.

### I. Statement of pleadings and issues raised thereby.

1. On Sept. 26, 1925, plaintiff's bill in equity was filed, which was served on defendant on Oct. 6, 1925.

2. On Oct. 23, 1925, the court granted defendant's petition that certain information necessary to enable him to answer plaintiff's bill be furnished him.

3. On Jan. 18, 1926, by agreement of counsel and permission of the court, the time for filing answer to plaintiff's bill was extended to Jan. 28, 1926.

4. On Jan. 28, 1926, defendant's answer was filed.

5. On Feb. 13, 1926, an amendment to plaintiff's bill was filed.

6. On Feb. 26, 1926, a motion to strike off plaintiff's amendment was filed, and the court ordered that a period of ten days from the determination of the questions raised be allowed for filing further answer.

7. On July 16, 1926, amendment to plaintiff's bill was allowed to be filed *nunc pro tunc*, and motion to strike off such amendment was overruled and refused.

8. On April 2, 1928, rule on defendant was allowed, directing him to show cause why amendments to the prayer of plaintiff's bill should not be allowed.

9. The issues raised by the above pleadings are: *(a)* Can defendant be compelled to convey the land in question to plaintiff, it being a voluntary association? *(b)* Can a trustee be raised to complete such conveyance, should the first issue be decided in the affirmative?

We adopt, in the main, the findings of fact of our immediate predecessor, they appearing to be right and proper and no requests for specific findings of fact having been submitted to us by any of the parties for disposition. We, therefore, reach the following

## II. Finding of fact.

1. The Latrobe Hunting and Fishing Club, Limited, is the plaintiff in this case.

2. That John D. Decker, who was the original defendant in this case, died Oct. 19, 1927.

3. That Logan M. Decker, administrator of John D. Decker, deceased, has been substituted as defendant in this case.

4. That George H. Martin and O. E. Gangaware, as managers and agents, acted for the Latrobe Hunting and Fishing Club, Limited.

5. That on Oct. 20, 1921, John D. Decker entered into an article of agreement to convey 700 acres of land, more or less, lying in Potter Township, Centre County, Pennsylvania, to the Latrobe Hunting and Fishing Club, Limited, with certain provisions set forth in Exhibit "A," filed as part of plaintiff's bill in equity, and that the said Martin and Gangaware executed the agreement as managers or agents of the said the Latrobe Hunting and Fishing Club, Limited.

6. That John D. Decker formally acknowledged the above referred to agreement before Frank A. Carson, a justice of the peace in and for said County of Centre, on Oct. 20, 1921.

7. That the Latrobe Hunting and Fishing Club, Limited, is not an incorporated body, and that nothing in the record shows that they were a limited partnership under the acts of assembly.

8. That the Latrobe Hunting and Fishing Club, Limited, was a name assumed by an unknown number of individuals at the time of the execution of the agreement.

9. That no trustee or trustees were named for such club or association.

10. That sixteen persons, designating themselves as "The Latrobe Hunting and Fishing Club, Limited," on Feb. 25, 1925, signed a fictitious name certificate, as provided by statute, and filed such certificate in the office of the Prothonotary of Centre County on April 9, 1925, naming therein O. E. Gangaware, of Latrobe, Pennsylvania, as agent through whom business was to be carried on in Centre County.

11. That the said the Latrobe Hunting and Fishing Club, Limited, is not a religious, charitable, literary or scientific association.

12. That a deed was caused to be prepared by the plaintiff and submitted to the defendant for execution, dated Nov. 29, 1921, in which Charles Kahl,

of Latrobe, Westmoreland County, Pennsylvania, Trustee of the Latrobe Commercial Hunting Club of Latrobe, Westmoreland County, Pennsylvania, is designated as being selected as such trustee by a vote of the entire club.

13. That there is nothing in the record to show any attempt to transfer from the Latrobe Hunting and Fishing Club to either Kahl or Latrobe Commercial Hunting Club of Latrobe.

14. That an answer was filed under Equity Rule 48, providing for the raising of preliminary objections to the bill filed, but such were never pressed.

15. No testimony was taken in this case.

### III. Discussion.

After careful consideration of this matter, we are convinced that our immediate predecessor erred in no manner in his disposition of this case. We fully concur in his logic and see in the authorities cited the exact rule governing this matter.

We have been asked in this matter to permit the plaintiff to amend the prayer of its bill by inserting a request for the appointment of Charles Kahl, of Latrobe, Westmoreland County, Pennsylvania, as trustee for the Latrobe Hunting and Fishing Club, Limited, or should we otherwise elect, for the appointment of a trustee or trustees other than the said Charles Kahl. We are also asked to direct that such trustee or trustees be appointed to receive the vendor's conveyance of sale and that such conveyance be authorized.

Without entering into a discussion of the rights of the plaintiff to be allowed to amend as prayed for, we are of the opinion that we would be without jurisdiction, in the absence of a trust device, to raise a trustee for the purposes of the plaintiff in this case, even though such amendments were to be allowed. It must be borne in mind that the Latrobe Hunting and Fishing Club, Limited, is not an organization formed for a religious or charitable purpose. It is but a voluntary association formed for the purpose of advancing the recreational interests of its members and possibly for the development of wild life and the enforcement of the game laws as incident to the enjoyment of the members. The agreement originally entered into was with the Latrobe Hunting and Fishing Club, Limited, by George H. Martin and O. E. Gangaware as "managers or agents." There is nothing which can be interpreted here as a "trust device." It was the voluntary association which was attempting to contract and which now seeks to receive a conveyance in land—a thing which is legally impossible. The addition of the words "managers or agents" are not sufficient to imply a trust. To do so would require too broad inference.

The Superior Court, in Hawk et al. v. Hawk et al., 88 Pa. Superior Ct. 581, very clearly and emphatically affirms the rule laid down by Judge Bailey, of the Huntingdon County courts, wherein he states: "The defendants are not an association protected by section 10 of the Act of April 26, 1855, P. L. 328, 331. A grant to an organization of this sort is a grant to no one: Frazier v. St. Luke's Church, 147 Pa. 256, 261. 'The objections at common law to a voluntary association's taking title to real estate or to a permanent fund are so nearly insurmountable that there is very great uniformity in the rulings that, in the absence of some trust device, a conveyance to such association of such property is void:' 5 Ruling Case Law, 313."

In the instant case it is clear that the plaintiff is not protected by section 10 of the Act of April 26, 1855, P. L. 328, applying to dispositions of property made to religious and charitable, literary or scientific uses and conferring jurisdiction upon courts having equity jurisdiction to supply a trustee to prevent a failure of the purpose of such disposition. It is also clear that no trust

device is present. Consequently, to direct a conveyance would be entirely contrary to the established rule.

Our immediate predecessor has quite aptly and correctly said that had the plaintiff refused to pay the consideration money, it is highly improbable that the defendant could have recovered any money on the confession of judgment set forth in the agreement, and that it would be a violation of the cardinal principles of equity to compel specific performance under such circumstances. We, therefore, reach the following

### Conclusions of law.

1. That no trust device being present, a trustee cannot be supplied to complete a conveyance to the plaintiff by the defendant.

2. That being a voluntary association not formed for religious, charitable, literary or scientific purposes, the plaintiff is incapable of receiving title to real estate.

3. That the rule to show cause why plaintiff's bill should not be amended as to the prayer thereof should be dismissed.

4. That the bill should be dismissed.

### Decree nisi.

And now, Aug. 9, 1928, upon consideration of the foregoing case, it is ordered, adjudged and decreed that the rule to show cause why plaintiff's bill should not be amended as to the prayer thereof be dismissed, and it is further ordered, adjudged and decreed that the plaintiff's bill be dismissed, at the costs of the plaintiff. The prothonotary is directed to give notice to the parties, or their counsel of record, of the entry of this decree nisi, and unless exceptions are filed within ten days, this decree shall be entered as the final decree by the prothonotary as of course.

From S. D. Gettig, Bellefonte, Pa.