## Swalley's Estate

*George M. Mason*, for petitioners.
*S. Y. Rossiter*, contra.

630

WAITE, P. J., July 2, 1935.—Mary Jane Swalley died testate January 5, 1907. Her will was duly probated and letters testamentary issued to George C. Zindel and J. E. Swalley who administered the estate and on January 11, 1908, filed a final and distribution account which was duly confirmed.

The fourth clause of the decedent's will is as follows:

"Fourth, I give, devise and bequeath to the trustees of the Christian Church of Fairview Township, County of Erie and State of Pennsylvania and their successors in office five hundred (500) dollars, in trust forever, and I stipulate that they the said trustees and their successors in office shall meet and place the said bequest out at interest on good and real Security, and pay the interest tharefrom and thareof from time to time as the same shall be received by the said trustees, for the support, expense and maintenance of the said Christian Church organization afforsaid, and the said trustees shall make a public report anually to the congregation of said church in the usual place of meeten as follows, To wit:—to whoon loans from this bequest have been mad and what rate of interest and the amount of income received tharefrom since the last anual report and to what purpose said income had been applied."

The will also contains in the fifth clause, inter alia, the following residuary bequest:

"I allso give and bequeath to Jesse Earl Swalley whatever may be left of my estate after all of my legacies are paid off."

The said account shows that the $500 bequest in the above-quoted fourth clause was paid to the said trustees of the Fairview Christian Church and the residue and remainder of the personal estate amounting to $1,565.29 was paid to said Jesse Earl Swalley.

The matter is now before the court on a petition of the trustees of the said church reciting, inter alia, that the said church building was destroyed by fire several years ago; that the congregation of said church has been re-

duced to so small a number that it is impracticable to continue said organization and that a dissolution of the said church is about to take place; that the trustees of the church have invested said fund in a bond of the Masonic Temple Building Association of Erie, Pennsylvania; that the said church on February 23, 1934, passed the following resolution: "that we, the members of the Fairview Christian Church authorize the following trustees — Fred Anderson, W. E. Nason, I. J. Pratt — to transfer the Mrs. Mary Jane Swalley endowment fund (bond of Masonic Temple of Erie, Pennsylvania, due in 1950) from the Fairview Christian Church to the Erie Christian Conference"; that the Congregational Church and the Christian Church have heretofore merged and as a result of said merger the legal name of the Erie Christian Conference is now "Grand River Association". The petition concludes with the prayer that the petitioners be authorized and directed to transfer the said $500 bond of Masonic Temple Building Association to the Grand River Association of the Congregational-Christian Church.

To this petition no answer was filed but the said residuary legatee filed a demurrer as follows: "That the allegations set forth in said petition show that the legacy therein referred to has now lapsed, and by reason of said lapsing has now become the legal property of this demurrant."

A demurrer is an admission of all matters properly pleaded. At the argument it was urged on behalf of the demurrant that the statement in the petition as to the merger of the Erie Christian Conference in the Grand River Conference is a conclusion and not a fact. With this we do not agree. It is as much a statement of fact as would be a statement of the fact of a marriage and not having been denied by the answer must be taken as true without further proof.

In our opinion the doctrine of cy pres—meaning as nearly as possible—applies to the facts in this case.

In 3 Pomeroy on Equity (4th ed.), sec. 1027, it is said:

"In administering charitable gifts, the English courts have leaned so strongly in favor of sustaining the trusts, even when the donor's specified purpose becomes impracticable, that they invented at an early day, and have fully established, the so-called doctrine of *cy-pres*. The doctrine may be stated in general terms as follows: Where there is an intention exhibited to devote the gift to charity, and no object is mentioned, or the particular object fails, the court will execute the trust *cy-pres*, and will apply the fund to some charitable purposes, similar to those (if any) mentioned by the donor. 'If the donor declare his intention in favor of charity indefinitely, without any specification of objects, or in favor of defined objects which happen to fail from whatever cause, —even though in such cases the particular mode of operation contemplated by the donor is uncertain or impracticable,—yet the general purpose being charity, such purpose will, notwithstanding the indefiniteness, illegality, or failure of its immediate objects, be carried into effect.' In the first kind of cases, where the donor has specified no object, the court will determine upon some scheme which shall carry out the general intention; in the second kind, where the donor's specified object fails, the court will determine upon another object similar to that mentioned by the donor. A limitation upon the generality of the doctrine seems to be settled by the recent decisions, that where the donor has not expressed his charitable intention generally, but only by providing for one specific particular object, and this object cannot be carried out, or the charity provided for ceases to exist before the gift takes effect, then the court will not execute the trust; it wholly fails."

See also 5 R. C. L. 364-368, and annotation in 38 A. L. R. at pages 44-51.

The cy pres doctrine is recognized by many early Pennsylvania authorities. See In re Petition of Trustees of

the Lower Dublin Academy, 8 W. N. C. 564, and cases cited including Philadelphia v. Girard's Heirs, 45 Pa. 9, and Witman v. Lex, 17 S. & R. 88.

Its principles have been subsequently defined and adopted in certain instances as the law of this Commonwealth by section 10 of the Act of April 26, 1855, P. L. 328, destroyed pro tanto by the Act of July 7, 1885, P. L. 259, restored by the Act of May 9, 1889, P. L. 173, and re-enacted almost in totidem verbis by the Act of May 23, 1895, P. L. 114. See Toner's Estate, 260 Pa. 49.

It is urged on behalf of the demurrant that, as the church has been destroyed by fire and the present trustees admit that it will be impracticable to continue said church organization, therefore the object of the trust has ceased, there is a reversion to the said estate, and this fund (the bond of the Masonic Temple Association of Erie, Pennsylvania) should be assigned to demurrant, Jesse Earl Swalley, the residuary legatee. With this we cannot agree. By a reference to the fourth clause of the will quoted above it will be noted that the bequest in question is to the "trustees . . . and their successors in office . . . forever" and not to the church, and that the "income" from the bequest is to be "received by the said trustees for the support, expense and maintenance of the said Christian Church *organization*." (Italics ours.)

This certainly is a religious use which vested and became effective in an existing organization at testator's death, and although the immediate object has failed, or is about to fail, this religious use which is the ultimate object will not be permitted to fail.

In McCully's Estate, 269 Pa. 122, Mr. Justice Simpson, delivering the opinion of the court, says:

"The Act of 1885 provides: 'That in the disposition of property by will made or to be made for any religious, charitable, literary, educational or scientific use or purpose, if the same shall be void for uncertainty, or the object of the trust be not ascertainable, or has ceased to exist or be an unlawful perpetuity, such property shall

go to the heirs at law and next of kin of the decedent as in the case of persons who have died or may die intestate.'

"Appellants claim that when Grace Presbyterian Church was dissolved it 'ceased to exist' within the meaning of this act, and therefore they are entitled to the fund. It is certain the church did then 'cease to exist'; but it is clear it is the 'object of the trust,' and not the beneficiary named in a will, which must 'cease to exist,' before the next of kin can claim the property. This is evident when the balance of the section is considered. It does not refer to gifts *to* religious, charitable, literary, educational or scientific corporations or associations, but to those *'for* any religious, charitable, literary, educational or scientific *use or purpose';* and hence it is only gifts *for* such 'use or purpose' which 'shall be void for uncertainty,' and this irrespective of the legatee or devisee named in the will to receive it. So also a particular beneficiary could not 'be an unlawful perpetuity,' though a grant for a specified 'use or purpose' might constitute one, no matter who received it. It is true, by giving to the words 'object of the trust' a most unusual meaning, it might be supposed a legatee or devisee named was the 'object of the trust' which was 'not ascertainable' or had 'ceased to exist.' But this would violate two cardinal rules of construction (a) that words, not technical, must be given their plain meaning unless the context compels a contrary conclusion, and (b) they must be so interpreted, if possible, as to render the paragraph harmonious throughout, ex antecedentibus ex consequentibus fit optima interpretatio. The collocation of the words in this act shows that the 'object' refers to the 'trust' and not to the trustee; and this construction gives to the entire section a consistent meaning, for it then always refers to the 'use or purpose' of the trust and the 'object of the trust' provided for in the will,—which mean substantially the same thing,— and not to the particular beneficiary in any of the events for which provision is made.

This compels the conclusion that the 'object of the trust' in the present instance, did not 'cease to exist' by the consolidation of the two churches and the dissolution of Grace Presbyterian Church. Appellants have, therefore, no interest in the fund, and no standing to contest the decree.

"Moreover, while the Act of 1885, within the scope covered by it, was intended to and for the time being did destroy pro tanto the cy pres doctrine of the State, it was restored, at least so far as the present question is concerned, by the Acts of May 9, 1889, P. L. 173, and May 23, 1895, P. L. 114. The former provides 'that no disposition of property heretofore or hereafter made for any religious or charitable use, shall fail . . . by reason of the object ceasing . . . or being given in perpetuity . . . but it shall be the duty of any court . . . by its decrees to carry into effect the intent of the donor or testator, so far as the same can be ascertained and carried into effect consistently with law or equity.' The Act of 1895 contains substantially the same language. The gift here was certainly to a religious use, and hence, under these acts also, appellants have no interest in the fund: Kortright's Est. (No. 2), 237 Pa. 143; Toner's Est., 260 Pa. 49."

Applying these principles to the instant case, we are bound to conclude that although the building of the Christian Church of Fairview Township has been destroyed, and a dissolution of the church is about to take place, nevertheless the object of the bequest being a religious use the cy pres doctrine applicable in such cases, restored and reënacted by the Acts of 1889 and 1895 above referred to will not permit this religious use to fail; that the facts set forth in the petition and not denied show that the Grand River Association is now the successor to the trustees of the said Christian Church of Fairview Township so far as this religious use is concerned; that the assignment of the said bond to that association will as nearly as practicable carry out the ultimate object which

the testator intended; and that the residuary legatee has at this time no interest in the said fund.

The demurrer is therefore dismissed. The prayer of the petition is granted and it is decreed that the said W. E. Nason, Fred Anderson and I. J. Pratt, trustees of the Fairview Christian Church, transfer the said bond of the Masonic Temple Building Association of Erie, Pennsylvania, to the said trustees of the Grand River Association, the same to be kept invested and reports thereof made by them as directed in the said last will and testament of Mary Jane Swalley and that the income received therefrom be used for the support, expense and maintenance of the said Grand River Association.                    From Otto Herbst, Erie.