## Umble's Estate.

Argued May 18, 1936.   Before KEPHART, C. J., SCHAF-
FER, MAXEY, LINN, STERN and BARNES, JJ.

*Chas. E. Workman,* for appellant.

*F. Lyman Windolph,* of *Windolph & Mueller,* for trustee, and legatees, appellees, Nos. 95 and 207.

*Chas. W. Eaby,* for Lancaster Automobile Club, appellee.

*W. Hensel Brown,* of *Bard & Brown,* for Lancaster County Firemen's Association of Pennsylvania, appellee.

*M. M. Harnish,* for Lancaster Community Trust, appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 26, 1936:

Appellant has taken three separate appeals, assigning as error the decrees of the court below refusing to set aside a deed creating a life insurance trust, and dismissing her exceptions to the adjudication of accounts under the deed and a will which contained similar dispositive provisions. The appeals will be disposed of together in this opinion.

The main question requiring consideration is whether appellant is an interested party having a right to appeal. She would have such interest only if there could be a whole or partial intestacy. If there can be no intestacy, she is not interested in the estate: *Kortright's Estate (No. 2),* 237 Pa. 143, 148.

Christian J. Umble created a life insurance trust by deed, naming the Northern Trust & Savings Company

trustee. A few days later he made a will disposing of the residue of his estate by provisions identical with those in the deed of trust. Both provided that the trustee is to pay the net income to his mother for life, and, on her death, "to divide the net income . . . equally among the following: Saint John's Lutheran Church, Lancaster, Pa., Grace Reformed Church, Eden, Lancaster Co., Pa., Lancaster Automobile Club, Lancaster County Firemen's Association, Eden Community Fire Co., organized 1928. If any or all of the above organizations are discontinued or . . . lose their identity . . . then . . . the trustee [is] to pay such share or shares of the income of the trust fund to the Lancaster Community Trust organized by the Lancaster Chamber of Commerce, Lancaster, Penna., in 1924." Umble survived his mother and died on November 2, 1933, unmarried and leaving as his next of kin certain collateral heirs, one of whom is appellant.

Appellant contends that the deed of trust is void, because it was drafted by an officer of Northern Trust & Savings Company in violation of the Act of April 28, 1899, P. L. 117, as amended by the Act of April 24, 1933, P. L. 66. This objection was previously made by appellant to the validity of the will and was dismissed in *Umble's Estate,* 117 Pa. Superior Ct. 15. While that decision is not binding on this court *(Dougherty v. Proctor & Schwartz,* 317 Pa. 363, 365), we adopt the view there expressed.

She urges the Lancaster Community Trust cannot take because an officer of the Northern Trust & Savings Company, trustee named in the will and deed, was one of the subscribing witnesses to both, and as the bank was interested in the Community Trust, the officer was not a disinterested witness within the meaning of the Act of June 7, 1917, P. L. 403, section 6. The trustee had no discretionary power over the distribution of the funds and its officer was therefore not an interested wit-

ness. See *Kessler's Estate*, 221 Pa. 314; *Baughman's Estate*, 281 Pa. 23; *Archambault's Estate*, 308 Pa. 549.

The legal status of the two churches as beneficiaries is not subjected to attack. It is argued that the Lancaster Automobile Club and the Lancaster County Firemen's Association are not charities and cannot take in violation of the rule against perpetuities. The court below found that both organizations are charitable institutions and therefore have the right to participate in the income of the trust funds. But even if the bequests to these organizations are void, their shares would be divided among the churches in proportion to their respective interests in the residue under the Act of June 7, 1917, P. L. 403, section 15(c). The will and deed directed the trustee "to divide the income" among five named organizations with an alternative bequest which indicates he intended that it should be divided among those capable of taking. As appellant can not take in any event, she has no standing to appeal. The other assignments of error are dismissed.

Decrees affirmed at appellant's cost.