## Jordan's Estate.  Bear's Appeal.

| 161 | 393 |
|---|---|
| f221 | 317 |
| f221 | 318 |
| f221 | 322 |

*Will—Bequest to charity—Competency of witness — Executor—Act of April 26, 1855.*

An executor is a " disinterested " witness, within the meaning of the act of April 26, 1855, P. L. 328, relating to the execution of wills containing bequests to charity.

Argued Oct. 12, 1893.  Appeal, No. 266, Oct. T., 1893, by Elizabeth J. Bear et al., from decree of O. C. Lawrence Co., distributing estate of Michael Jordan, deceased.  Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, DEAN and THOMP-SON, JJ.  Affirmed.

Exceptions to auditor's report.

Before the auditor, John G. McConahy, Esq., it appeared that Michael Jordan died Nov. 16, 1888, leaving a will dated May 9, 1888, by which, after certain small legacies to his daughter and granddaughter, he gave the residue of his estate to the Presbyterian church and congregation of Pine Grove. One of the witnesses of the will was also an executor.  The auditor found that the executor was a " disinterested " witness, within the meaning of the act of April 26, 1855, and awarded the residue to the church.

Exceptions to the adjudication were dismissed by the court in an opinion by GREER, J.

*Errors assigned* were dismissal of exceptions, quoting them.

*S. W. Dana, S. D. Long, D. B. & L. T. Kurtz* and *J. Norman Martin* with him, for appellants, cited : Act of 29 Ch. II, c. 3 ; Roberts's Dig. 306 ; 1 Jarman on Wills, pp. 71, 89, 108 ; Statute of 25 Geo. II, c. 6 ; Lowe v. Jolliffe, 1 W. Bl. 365 ; Stat. 1 Vict., c. 26, § 17 ; 1 Jarman, 108 ; Acts of 1705, 1 Sm. L. 33 ; April 8, 1833, P. L. 249 ; April 26, 1855, P. L. 328 ; March 27, 1865, P. L. 38 ; May 23, 1887, P. L. 159 ; March 15, 1832, P. L. 135 ; King's Est., 9 W. N. 207 ; McPherson's Est., 11 W. N. 55 ; Price v. Maxwell, 28 Pa. 23 ; Patton's Admr. v. Craig's Admr., 7 S. & R. 123 ; Gebhart v. Shindle, 15 S. & R. 235 ;

Anderson v. Neff, 11 S. & R. 218; Search's Ap., 12 Pa. 108 ; Gilbert v. Gilbert, 22 Ala. 529 ; Davis v. Rogers, 1 Houst. 44 ; Sawyer v. Dozer, 5 Iredell L. 97 ; 1 Redfield on Wills, 258-9 ; Pusey v. Clemson, 9 S. & R. 204; Walker's Est., 9 S. & R. 223 ; Stevenson's Est., 4 Whart. 98 ; Kennedy's Ap., 4 Pa. 149 ; Cable's Ap., 36 Pa. 395 ; Lukens's Ap., 47 Pa. 356 ; Whelen's Ap., 70 Pa. 410 ; Duval's Ap., 38 Pa. 112 ; Harper's Ap., 41 Pa. 45.

*James A. Gardner, James A. Stranahan* and *J. M. Martin* with him, for appellee, cited, among others, the cases cited in the opinion of the Supreme Court.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 7, 1894:

The single question presented by this record is whether or not an executor is a " disinterested " witness within the meaning of the act of April 26, 1855, relating to the execution of wills containing bequests to charity.   Competency was made by the terms of that act to depend upon the fact that the required witnesses were "disinterested " at the time of attestation ; but it furnished no test as to what should constitute interest, and therefore left it to the definition of existing law. " The true test of the interest of a witness," says Greenleaf, vol. 1, sec. 390, " is that he will either gain or lose by the direct legal operation and effect of the judgment, or that the record will be legal evidence for or against him in some other action.   It must be a present, certain and vested interest, and not an interest uncertain, remote or contingent."   Substantially the same definition was given by this court, in Combs's Appeal, 105 Pa. 155, as a test of competency of witnesses in the construction of this very act.   " By all authority," said Mr. Justice TRUNKEY, " a witness is not incompetent, on the score of interest, unless he has a certain, not a possible, benefit in the event of the suit, or in the matter in controversy; and an agent, servant or employee is a competent witness for, as well as against, his employer.   Within the meaning of the statute, a disinterested witness is one who has no legal interest;" and it was accordingly held that an employee of the corporation, which was the sole object of testator's bounty, was competent. Tested by this rule, the executor in the present case was cer-

tainly a "disinterested" witness. He could have no possible interest in the event of the bequest to charity. It was immaterial to him whether it should be sustained or fail, for he could neither gain nor lose. "Granting that the office of executor is a beneficial one, he was not executor though nominated; for no one living has an executor. But he might eventually become one? True, but he might not. He might die in the lifetime of the testator, or his nomination might be revoked, or he might not find it convenient to accept:" Snyder v. Bull, 17 Pa. 54. When the attestation takes place, it is altogether uncertain and contingent whether he will ever be called upon to perform the duties of executor. But, even in the event of his assumption of the duties, he can receive no more than compensation for the services which he may have rendered; and there is no pretence in the present case that this compensation will be to any extent affected by the result of the charitable bequest. He could have had no conceivable motive in unduly influencing the action of the testator nor interest in the subject-matter of future controversy; and had, therefore, no "legal interest" which could have disqualified him as an attesting witness. Prior to the passage of the act of 1855 his competency as a witness to the execution of wills was the rule in this state: Snyder v. Bull, 17 Pa. 54; Loomis v. Kellogg, Id. 60; and that act, as already seen, made no change in the test: Combs's Ap., supra.

It is therefore clear, both upon reason and authority, that the executor is a "disinterested" witness within the meaning of the act of 1855, and the decree of the court below should be affirmed.

Decree affirmed and appeal dismissed with costs to be paid by the appellants.