# Historical Society of Dauphin County *v.* Kelker, Appellant.

*Wills—Probate—Attesting witness—Credible witness—Charitable gift
—Act of April 26, 1855, P. L. 328.*

1. An attesting witness to a will containing a charitable devise or
bequest who at the time of signing is without knowledge that the in-
strument that he is attesting is a will, is a credible witness within the
meaning of the Act of April 26, 1855, P. L. 328.

2. A witness to a will containing a charitable devise or bequest
must be without interest at the time of the attestation.   The fact that
such a witness acquired an interest subsequently in the estate under
a codicil is immaterial.

Argued May 25, 1909.   Appeal, No. 11, May T., 1909, by
defendant, from judgment of C. P. Dauphin Co., Jan. T., 1909,
No. 18 for plaintiff on case tried by the court without a jury

in suit of Historical Society of Dauphin County v. Luther R. Kelker. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Ejectment for two lots of land in the city of Harrisburg. Before SHULL, P. J., specially presiding.

From the record it appeared that William A. Kelker died on February 15, 1908, intestate, unmarried and without issue leaving to survive him Luther R. Kelker, a brother, as his sole heir at law. His will written by himself and dated September 9, 1907, contained the following provision:

A. "I give and bequeath the Homestead, No. 9 South Front Street, to the Historical Society of Dauphin County, Pennsylvania, with all of its contents (except the books of my father's library), books, curios and relics of whatever nature they may be. The property to belong to said Society as long as it exists. Should the Society dissolve, then the property shall go to the Harrisburg Hospital as a home for its nurses. In memory of my dear parents is this bequest made."

It was witnessed by David W. Cotterel and J. Knight Cotterel.

On February 8, 1908, testator executed a codicil in which both of the witnesses to the original will were made legatees.

The court found, inter alia, the following fact:

2. That the witness, James K. Cotterel, was not present when his brother's signature was attached; that he did not see the testator sign the will in question; that the attesting clause was not read to him, nor had he any knowledge of its contents; that the testator did not declare, or in any way make known, that the paper he had previously signed was his last will and testament; that the witness did not know that anything was written over or above his signature except his brother's name, and the testator simply said to him, "Here, I want you to witness my signature," "See these different signatures," and thereupon without more, he signed his name as a witness to the signature of the testator.

*Error assigned* was in entering judgment for plaintiff.

*Robert Snodgrass,* of *Snodgrass & Snodgrass,* with him *E. E. Beidleman,* for appellant.—The witnesses were not credible witnesses within the meaning of the act: Kessler's Est., 221 Pa. 314; Paxson's Est., 221 Pa. 98; Irvine's Est., 206 Pa. 1; Beswick's Est., 13 Pa. Dist. Rep. 711.

The attesting witnesses to a will containing charitable bequests must be disinterested at the time of the probate as well as at the time of its execution: Snyder v. Bull, 17 Pa. 54; Kessler's Est., 221 Pa. 314.

*James M. Lamberton,* with him *Nead & Nead,* for appellee, cited: Price v. Maxwell, 28 Pa. 23; Lillibridge's Est., 221 Pa. 5.

OPINION BY MR. JUSTICE STEWART, October 11, 1909:

Two questions are sought to be raised by this appeal, both of which have been so conclusively adjudicated that we need only to state them and refer to the authorities which govern. First, is an attesting witness to a will containing a charitable devise or bequest, who at the time of signing was without knowledge that the instrument that he was attesting was a will, a credible witness under the requirements of the Act of April 26, 1855, P. L. 328? Second, must such witness be without interest at the time probate is asked for, as well as at the time of attestation? A credible witness is one who is not disqualified to testify by mental incapacity, crime, or other cause: Combs and Hankinson's App., 105 Pa. 155. An attesting witness under the act means a subscribing witness: Paxson's Est., 221 Pa. 98. The chief purpose in subscribing is to identify the instrument; not necessarily as a will, since the paper must speak for itself, but as the particular instrument which the subscribers saw the maker execute. "Therefore, it is not essential in any case to the probate of a will, to prove more by the witnesses who were present at its execution, than the identity of the instrument, that they saw the testator subscribe or make his mark, and at the time of doing thereof he was of sound, disposing mind, memory and understanding:" Combs and Hankinson's App., 105 Pa. 155. "If it be that a bequest for a charitable use is void unless the witnesses

subscribe the will, the statute does not require that the testator shall declare to the witnesses that the instrument in his will, or that he communicate to them its contents:" Combs and Hankinson's App., supra. In the present case it is admitted that the subscribing witnesses were credible,—except as disqualified by interest, a subject for consideration in the answer to the second question,—that they sufficiently identify the instrument, and that they were requested by the testator to attest his execution of it. This meets every requirement of the statute except that which makes it essential that the witnesses be disinterested.

The argument in support of the proposition that the witnesses must be disinterested as well at the time of the probate as at the time of the execution of the instrument, proceeds on a clear misapprehension of what was said in Paxson's App., supra. We quote from the opinion in that case: "Nothing is easier than to antedate a writing, whether a deed or will, and the statute guarded against that danger by the requirement that it should be not merely proved, but 'attested' by two witnesses, and those two must be 'at the time disinterested.' At what time? Certainly not merely at the time of probate, for that was the general rule under the act of 1833, and did not need any re-enactment. Those whose memory goes further back than the evidence act of 1887 will recall the amount of time and argument spent over questions of the interest of witnesses, and whether the interest had been or could be released. The act closed all controversy on this point by the requirement that the witnesses should be disinterested 'at the time.' At what time? Clearly at the time the instrument was executed in the manner required by the statute." The words, "certainly not merely at the time of the probate, for that was the general rule under the act of 1833, and did not need any re-enactment," as they here occur, are seized upon as giving rise to an implication that the witness must, in order to be qualified, be disinterested both when the instrument is executed and when probated. No such meaning was intended, and it requires ingenuity to extract any such implication. The reference is to conditions

existing when the act of 1855 was passed. Prior to the act of 1855 a subscribing witness to a will who was a beneficiary thereunder was incompetent to testify in connection with the probate, not, however, because of anything in any statute relating to wills, but by reason of a general rule of evidence which excluded from the stand anyone having pecuniary interest in the matter in controversy. The act of 1855 had no effect whatever upon this rule; it remained operative after the act as before. The disqualification under the rule had relation to the time when the person was called to testify. No matter how much he had been interested before, if he had in fact divested himself of that interest when called to testify, he was competent. The act imposed another and wholly distinct disability, not in any way affecting the disability under the general rule, namely, a disability in consequence of having an interest at the time of execution of the instrument. So that after the passage of the act, where a subscribing witness having an interest under the will was called to prove the will, even though that interest had been divested, he remained disqualified notwithstanding. The language of the act is "at the time disinterested." Was any other time meant by this than that contemplated in the general rule? This was the question put in the opinion, and the answer was,—certainly another time was meant; the purpose of the act could not have been merely to give legislative sanction to the general rule; it clearly defined a disability reaching further back than the time when the party was called to testify. Giving to the expression "not merely" the significance for which the appellant contends, that it is the equivalent of "not only," it expresses exactly the thought intended to be conveyed, and the law as it stood at the time of the passage of the act of 1855. The general rule which excluded a witness on ground of interest, was deemed inadequate in view of the purpose of the act, and a certain positive disqualification was defined which would operate to exclude in cases where by reason of divestiture of interest, before the party was called to testify, the general rule would fail to operate. The opinion is clear of all possible obscurity, and the decision is directly to the

point that the time of qualification of the witnesses must be referred to the time of the execution of the will.

It is conceded that when this will was executed and attested, the subscribing witnesses were wholly without interest.  Five months after its execution the testator added a codicil, unattested, in which he gave legacies to the witnesses who had previously attested the will.  By the act of 1887, disqualification on account of interest in such cases had been removed.  These parties therefore stood clear of all disqualification by reason of interest, except as the act of 1855 interfered.  But under that act the disqualification by reason of interest must arise in connection with the factum, otherwise it does not exist.  When the will which they attested was executed they were without any interest in or under that will, and were therefore competent.

Judgment affirmed.