## Jeanes's Estate.

*Wills—Charitable bequests—Attesting witness—Disqualifying interest —Act of April 26, 1855, P. L. 328.*

1. Interest which under the act of 1855 disqualifies a witness from attesting a will containing religious or charitable bequests must be a present, certain and vested one. It must not be uncertain, remote or contingent.

2. An attesting witness to a will is not so interested as to be disqualified under the act of 1855 because the testatrix directs a company, of which the witness is a stockholder and vice president, to pay the dividends on certain shares of its stock to a charity, upon the latter's fulfilling certain conditions.

Argued April 13, 1910. Appeals, Nos. 70 and 99, Jan. T., 1910, by Naomi Rhoads Walter et al., from decree of O. C. Phila. Co., Oct. T., 1907, No. 496, dismissing exceptions to adjudication in Estate of Anna T. Jeanes, deceased. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication.

The executors named in the will were the Pennsylvania Company for Insurances on Lives, etc., Joseph Wharton, Alfred Moore and Warner Walter, to whom, except Joseph Wharton, letters testamentary were duly granted—the will and codicils having been proved by Lewis A. Balz and Helen E. Pennypacker, attesting and subscribing witnesses. The will was executed February 24, 1907, and the last codicil August 5, 1907, the testatrix having died September 24, 1907.

Other facts appear in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to the adjudication.

*James Gay Gordon*, with him *Joseph R. Rhoads*, for Naomi Rhoads Walter, appellant.

*James Gay Gordon*, with him *Francis Macomb Gumbes*, for Chalkley Holt and Seth W. Holt, appellants.—The interest of a stockholder in a trustee corporation disqualifies him: Kessler's Est., 221 Pa. 314; Philadelphia, etc., R. R. Co. v. Hickman, 28 Pa. 318; Hill v. Frazier, 22 Pa. 320; U. S. v. Johns, 4 Dallas, 412; Phila. Ins. Co. v. Washington Ins. Co., 23 Pa. 250; Irvine v. Lumbermen's Bank, 2 W. & S. 190; Marion Ben. Society v. Com., 31 Pa. 82.

An executor cannot be an attesting witness under the act of 1855: Snyder v. Bull, 17 Pa. 54; Combs' & Hankinson's App., 105 Pa. 155; Jordan's Est., 161 Pa. 393.

The interest which disqualifies need not be "substantial" in quantity: Kessler's Est., 221 Pa. 314; Grayble v. York & Gettysburg Turnpike Road Co., 10 S. & R. 269; Scott v. McLellan et al., 2 Maine, 199; Marquand v. Webb, 16 Johnson (N. Y.), 89.

*John G. Johnson*, with him *Maurice Bower Saul, John D. Rice, Irvin C. Elder, Walter K. Sharpe*, for Alfred Moore,

Warner Walter and the Pennsylvania Company for Insurances on Lives, executors and trustees, appellee.—A trustee like an executor is disinterested, and commissions do not disqualify: Snyder v. Bull, 17 Pa. 54; Jordan's Est., 161 Pa. 393; Combs' App., 105 Pa. 155; Kessler's Est., 221 Pa. 314.

*Clement B. Wood*, with him *Morgan, Lewis & Bockius*, for Germantown Trust Company, appellee.

*Fell & Spalding* and *Joseph T. Bunting*, for trustees of Philadelphia Yearly Meeting of Friends, appellee.

OPINION BY MR. JUSTICE BROWN, July 1, 1910:

The testatrix, a single woman, gave the bulk of her large estate to charities. Collateral next of kin whom she remembered—the closest being a first cousin—seek to avoid this disposition of her estate, on the ground that her will was not duly attested by two credible and, at the time, disinterested witnessses, as required by the Act of April 26, 1855, P. L. 328, relating to bequests or conveyances for religious or charitable uses. The two attesting witnesses were Lewis A. Balz and Miss H. E. Pennypacker. The first, at the time he attested the will, was the vice president of the Pennsylvania Company for Insurances on Lives and Granting Annuities and the owner of eight of the 20,000 shares of its capital stock. Miss Pennypacker was in the employ of the company as a stenographer and typewriter. Each of these attesting witnesses was paid a remunerative salary by the company, and Balz was receiving dividends on his eight shares of stock. The company was named as one of the four executors of the will of the testatrix and qualified as such. One of the clauses in the will is as follows: "I hereby Will and direct that the Pennsylvania Company for Insurances on Lives and Granting Annuities shall hold the one hundred and forty-eight (148) shares of Stock of the said Company now held by it in the name of Mary

Jeanes and accredited to her Estate—the dividends and interest accruing therefrom to be paid to the Treasurer or Managers of the Women's Hospital of Philadelphia, North College Avenue and Twenty-second Street, as long as the said Hospital is maintained as a Special Hospital for Women and Children and without wards for men, but should this exclusive character of the aforesaid Hospital be abandoned or disregarded, or the Managers decline to accept this conditional bequest, I hereby Will and direct that the aforesaid One Hundred and forty-eight shares of Stock of the Pennsylvania Company for Insurances on Lives and Granting Annuities shall revert and accrue as my bequest and donation to the Incorporated Trustees of Philadelphia Yearly Meeting of Friends for the benefit of Hospitals or Infirmaries of the 'Quarterly Meeting Boarding Homes for Aged and Infirm Friends and those in sympathy with us.' " It is to this clause that the appellant turns as evidence of the disqualification of Balz as an attesting witness. He was not disqualified because his company would receive commissions as one of the executors: Jordan's Est., 161 Pa. 393; and Miss Pennypacker was not an interested witness because she was an employee of the company: Combs' & Hankinson's App., 105 Pa. 155. But it is strenuously insisted that Balz was not a disinterested witness, because the company in which he was a stockholder might receive commissions as an alleged trustee on the dividends which it might have to pay to the women's hospital on the 148 shares of stock. In paying these dividends to the women's hospital it would be rendering a service which every corporation gratuitously renders to its stockholders. It had rendered this service to Miss Jeanes during her lifetime, and what greater labor or responsibility would be imposed upon it in paying the dividends to her appointee? It is scarcely conceivable that the company would claim compensation as trustee for paying these dividends, and, if claimed, it would hardly be allowed: Harrison's Est., 217 Pa. 207. If compensation,

however, should be demanded and allowed, it surely would not exceed $100 per annum, and the interest of Balz, even if $100 should be paid, would be four cents a year, and even this sum would never be directly paid to him. The very narrow question, then, is, Was he, at the time he attested the will, so interested as to be disqualified from attesting it, because the testatrix had directed that his company should, on certain conditions, pay to the women's hospital the dividends on the 148 shares of stock? If he was interested within the contemplation of the act, the amount of his interest would be immaterial, for the doctrine de minimis non curat lex has no application. The test is not quantity, but quality.

Interest which, under the act of 1855, disqualifies a witness from attesting a will containing religious or charitable bequests must be a present, certain and vested one. It must not be uncertain, remote or contingent: Combs' & Hankinson's App., and Jordan's Est., supra; Kessler's Est., 221 Pa. 314. Applying this rule to the will before us, it is difficult to follow the process of reasoning by which it is attempted to show that Balz was an interested witness when he attested it. It is first to be observed that no bequest or devise is made to any religious or charitable institution in which he was in any manner interested, and it is next to be noted that there is not even an absolute gift of the 148 shares of stock to the company in which he was a stockholder, to be held by it as trustee for any religious or charitable use. The direction of the testatrix upon which the appellant relies in asking that Balz be declared an interested witness is merely that his company pay the dividends on the 148 shares of stock, under her control at the time she executed her will, to the women's hospital, provided it would accept her conditional bequest. For a subsequent breach of the condition the stock is given directly to a named charity. So long as the company might pay the dividends to the women's hospital it would simply be rendering a service common to all of its stockholders.

It has absolutely no interest in the stock itself, nor in the use to which the dividends may be put by the women's hospital while entitled to receive them.

The interest which it is contended disqualified Balz was in the compensation which might be paid to the company in which he was a stockholder. If, under the direction in the will that it pay these dividends to the women's hospital, it could charge and would be entitled to receive compensation for paying them, it would be compensation for services rendered. The services which it renders as executor are the services of a trustee, and the reasoning of our cases, which hold that the compensation to an executor for his services does not disqualify him from attesting a will, applies with no less force to the services which may be rendered by the Pennsylvania Company for Insurances on Lives and Granting Annuities in paying the dividends to the women's hospital. But, apart from this, the interest of the company, if it can be termed such within the contemplation of the act of 1855, in the direction to pay the dividends was uncertain and contingent, and that of Balz was at least equally so. No such disqualifying interest was in the mind of the legislature when it was wisely enacted that a testator, during the last calendar month of his life, should be free from the importunities and influences of designing persons, who, from present, certain and vested personal interest in religious or charitable institutions, might, if so inclined, improperly turn his thoughts to them and away from the natural objects of his bounty. A reasonable meaning is to be given to the words "two credible, and, at the time, disinterested witnesses," and it would be torturing them to include Balz within them, because, at the time of his attestation of the will, he might have had an uncertain, remote and contingent interest to the extent of not more than four cents a year in the earnings of his company, under the direction of the testatrix that, upon certain conditions, it pay dividends on certain shares of its stock to her appointee.

But for Kessler's estate, it is doubtful if this appeal would be here. Except as to the compensation to the executors, there is no analogy between the cases. Wilmerton, the attesting witness in Kessler's estate, "was a trustee and officer in a church to which part of the income and ultimately a portion of the corpus of the trust estate was directed to go; he had an option to purchase certain shares of stock which were a part of the trust for religious and charitable uses, at a price to be agreed upon by three disinterested persons, to be selected in a particular manner; he was one of two trustees to whom the stock of the Kessler Wagon Works Company was given in trust to vote at corporate elections, and whose duties required that dividends received be paid by them to the charities named and in the proportions fixed in the will; he was also a stockholder and director in the wagon company, as well as an officer and employee, and had whatever benefit accrued to him as a stockholder and officer in that company by reason of having the power to vote the stock so held in trust by him."

The unanimous opinion of the court below on the exceptions to the adjudication of the learned auditing judge is approved here and the decree affirmed at appellant's costs.