## Carson's Estate.

*Wills—Execution of will—Charitable devise—Attesting witnesses—Interest of witnesses—Employees of corporation beneficiary—Act of April 26, 1855, P. L. 328.*

1. A witness is not incompetent on the score of interest unless he has a certain and not a possible benefit in the event of the suit or in the matter in controversy, and an agent, servant or employee is a competent witness for as well as against his employer. A disinterested witness is one who has no legal interest and a credible witness is one not disqualified to testify.

2. If a testator's signature at the end of a will subject to the provisions of the Act of April 26, 1855, P. L. 328, was duly at-

tested by two credible and at the time disinterested witnesses, it matters not who drew the instrument or under what circumstances it was drawn.

3. Where a testator's signature at the end of a will containing a devise to a charity is attested by four witnesses, two of whom are credible and disinterested, within the meaning of the statute, the testator has complied with its requirements, and it is immaterial whether or not the other two witnesses were disinterested.

4. A testamentary devise to charity is not invalidated under the provisions of the Act of April 26, 1855, P. L. 328, by the fact that the two necessary attesting witnesses were salaried employees of a corporation which was made trustee for a charity under the will at a stated compensation.

Argued February 2, 1914. Appeals, Nos. 7, 8, 9, 10, 11, 12, 13, 14 and 15, Jan. Term, 1914, by George S. Carson, Robert N. Carson, Thomas B. Carson, Henry H. Carson, Frank C. Carson, Helen L. Birch, Virginia K. Dorey, Helen A. Lees (nee Downey), J. Nethermark Downey, from Decree of O. C. Montgomery Co., Dec. T., 1912, No. 33, dismissing exceptions to adjudication in the Estate of Robert N. Carson, Deceased. Before BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Exceptions to adjudication of decedent's estate. Before SOLLY, P. J.

The opinion of the Supreme Court states the facts.

Exceptions to the adjudication of the court were filed and subsequently dismissed and the adjudication finally confirmed.

*Error assigned* was in dismissing exceptions.

*M. J. Wade*, of the Iowa bar, of *Wade, Dutcher & Davis*, with him *Ely & Bush*, *William R. Brinton*, *Irvin P. Knipe*, and *Irving P. Wanger*, for appellants.

*John C. Bell*, with him *Neville D. Tyson*, and *Paxson Deeter*, for appellees.

OPINION BY MR. JUSTICE BROWN, March 9, 1914:

Robert N. Carson, who died October 15, 1907, left a widow, Isabel Frances Carson, but no issue. By his will, executed April 28, 1903, he directed that, upon the death of his wife, his residuary estate, including unexpended accumulations, should be devoted to the establishment and maintenance of a charity to be known as "The Carson College for Orphan Girls." He appointed his wife and The Real Estate Title Insurance and Trust Company of Philadelphia his executors and trustees, and directed that, upon the death of his wife, the court having jurisdiction of his estate should appoint another individual trustee, to act in conjunction with the trust company. He ordered that, from her death, the said trustees should hold his entire residuary estate for the establishment and maintenance of the charity, and for the management of the same he gave minute directions. His provision as to any surplus income is as follows: "Should there be any surplus income after amply providing for all the necessary buildings and for the support, maintenance, and education of all who may be received in the said college, I direct that such surplus income shall be used and appropriated by my said trustees for the purpose of erecting and furnishing dormitories for sick children in the various children's hospitals that may be situated in the City of Philadelphia, in the County of Montgomery, or State of Pennsylvania, to be called 'The Carson Dormitories for Sick Children.'" The following is his provision for compensation to the trustees: I order and direct that the following sums of money shall be paid from and by my estate to my executors and trustees for their services as such; during the life time of my said wife the sum of twenty-five hundred dollars per annum, shall be paid to her, and the sum of five thousand dollars per annum shall be paid to the said The Real Estate Title Insurance and Trust Company of Philadelphia; and from and after the decease of my said wife, the sum of four thousand dol-

lars per annum shall be paid to her successor in the trust, and the sum of ten thousand dollars per annum shall be paid to the said The Real Estate Title Insurance and Trust Company of Philadelphia, during the continuance of said trust; the said annual payments are to be and to be accepted in lieu of all compensation or commissions now or hereafter allowed by law to the said executors and trustees." Mrs. Carson died July 4, 1912, and, on the adjudication of the account filed by The Real Estate Title Insurance and Trust Company of Philadelphia as surviving executor and trustee, the balance of principal and income in its hands, amounting to $3,-395,892.44, was awarded to it and R. Nelson Buckley, the successor of Mrs. Carson in the trust, for the purpose of paying two annuities and carrying out the directions of the testator for the establishment and maintenance of the college for orphan girls. From this decree next of kin and heirs at law of the testator have appealed, on the ground that his charitable disposition of his estate is void by reason of his failure to have the execution of his will attested by two credible and, at the time disinterested witnesses.

Whether the will of the testator was executed in accordance with the requirements of the Act of April 26, 1855, P. L. 328, is the sole question involved in these appeals. If the testator's signature at the end of his will was duly attested by two credible and, at the time, disinterested witnesses, it matters not who drew the instrument or under what circumstances it was drawn. Learned counsel for appellants seems to overlook the fact that the Act of 1855 relates only to the execution of a will.

Four witnesses attested the execution of the testator's will. They were Jos. L. Caven, Thomas W. Jopson, Emil Rosenberger and Wm. B. Abbey. The disinterestedness of these witnesses must be determined as of the time of their attestation of the testator's signature: Historical Society v. Kelker, 226 Pa. 16; and if two of them

were disinterested at that time, it is immaterial that one or each of the other two may have been disqualified: Scattergood v. Kirk, 192 Pa. 263. The requirement of the statute is that the execution of a will bequeathing or devising an estate for religious or charitable uses shall be "attested by two credible, and, at the time, disinterested witnesses." At the time the four witnesses attested the execution of the testator's will, Jos. L. Caven was president of The Real Estate Title Insurance and Trust Company of Philadelphia, and the owner of shares of its capital stock; Emil Rosenberger was a vice-president of the institution and owned some of its capital stock; Thomas W. Jopson was assistant trust officer and Wm. B. Abbey was its title officer. Neither of the two latter owned any of the capital stock of the institution. Though Jopson and Abbey were salaried officers of the trust company, the legal relation of each to the institution was but that of an employee, receiving pay for services, just as every other employee, down to a messenger boy, received his. The profits of the institution were not enjoyed by them, nor were they to bear any portion of its losses. If the institution in whose service they were at the time they attested Mr. Carson's execution of his will was directly benefited by the charity which he created, it did not benefit or affect them— mere employees—in the remotest degree; and that they were disinterested witnesses within the Act of 1855 ought not to be regarded as an open question, in view of repeated rulings of this court. In Combs' and Hankinson's Appeal, 105 Pa. 155, the testatrix left her entire estate to a home for aged and infirm colored persons, of which she had been an inmate for some months. One of the attesting witnesses to the will was Belinda Jackson, matron of the home, receiving a salary for her services. On the appeal from the refusal of the court below to award an issue devisavit vel non, it was contended by counsel for appellants that she was not a disinterested witness under

the Act of 1855. In holding that this position was untenable, we said: "A corporation was the sole object of the bounty of the testatrix. Belinda Jackson was in the employ of that corporation, entitled to wages for her services, and it is contended by the appellants that, therefore, she was interested. No effort was made to sustain this contention by precedent. By all authority a witness is not incompetent on the score of interest unless he has a certain, not a possible benefit in the event of the suit or in the matter in controversy; and an agent, servant or employee is a competent witness for, as well as against, his employer. Within the meaning of the statute a disinterested witness is one who has no legal interest, and a credible witness is one not disqualified to testify." This was followed with approval in Jordan's Estate, 161 Pa. 393; and in Kessler's Estate, 221 Pa. 314, it was said of these two cases by our Brother ELKIN: "The rule of these cases is predicated on the theory that an interest such as would disqualify must be present, certain and vested, and not uncertain, remote or contingent. In other words, it must be what has been called a substantial or legal interest." Reaffirming what was said in these three cases, we held in Jeanes's Estate, 228 Pa. 537, that a stenographer and typewriter in the employ of the Pennsylvania Company for Insurances on Lives and Granting Annuities was a disinterested witness to the execution of a will in which that company was named as executor and trustee of a fund, the income of which was bequeathed to a charity.

As Jopson and Abbey, two of the attesting witnesses to the will of the testator, were disinterested within the meaning of the statute, he complied with its requirements, and, whether the other two witnesses were not disinterested is a question which we need not decide.

Appeals dismissed and decree affirmed at appellants' costs.