## Sharp's Estate.

*Wills—Charitable bequest—Beneficial societies—Act of April 26, 1855, Section 11, P. L. 332.*

Legacies to the Old Men's Home of Odd Fellows, Rebekah Home of Odd Fellows, and the Great Council Improved Order of Red Men, are not bequests for a charitable use within the eleventh section of the Act of April 26, 1855, P. L. 332.

A beneficial association is not a charity, and the beneficiary homes and relief fund are merely incidental to the quasi-family relationship assumed by the members.

Argued December 5, 1918. Appeal, No. 260, October Term, 1918, by Hon. Clarence J. Buckman, Escheator for the Commonwealth of Pennsylvania, appointed by the

auditor general November 9, 1917, from decree of Orphans' Court of Philadelphia County dismissing exceptions to adjudication in the estate of Sarah Sharp, deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Exceptions to adjudication before GEST, J.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were dismissing exceptions to adjudication.

*Joseph J. Broadhurst,* for appellant.—The legatees are charitable institutions and the bequests to them are void under the 11th section of the Act of April 26, 1855. The characters of the legatees are essentially those of charitable institutions and not beneficial societies: Blenon's Est., Brightley 338; Swift v. Eastern Beneficial Society, 73 Pa. 362; Centennial & Memorial Association of Valley Forge, 235 Pa. 206; Fire Insurance Patrol v. Boyd, 120 Pa. 624; Episcopal Academy v. Philadelphia, 150 Pa. 565; Donohugh's App., 86 Pa. 306; Philadelphia v. Women's Christian Association, 125 Pa. 572; Philadelphia v. Masonic Home, 160 Pa. 572.

*C. B. D. Richardson* and *Arthur B. Eaton,* for appellees, cited: Swift's Executors v. Easton Beneficial Society, 73 Pa. 362; Blair's App., 208 Pa. 362; Brown's App., 208 Pa. 101; Babb v. Reed, 5 Rawle 155.

OPINION BY WILLIAMS, J., January 3, 1919:

Sarah Sharp, by her will, bequeathed the residue of her estate to (1) the Old Men's Home of Odd Fellows, (2) Rebekah Home of Odd Fellows, and (3) the Great Council Improved Order of Red Men, share and share alike. She died less than one calendar month after she made the will.

The question in this appeal is whether the gift to these societies is for a charitable use such as is forbidden by the Act of April 26, 1855, Sec. 11, P. L. 332, which provides: "No estate, real or personal, shall hereafter be bequeathed, devised or conveyed to any body politic, or to any person, in trust for religious or charitable uses, except the same be done by deed or will......at least one calendar month before the decease of the testator or alienor; and all dispositions of property contrary hereto, shall be void."

The court below held that so far as the Great Council of the Improved Order of Red Men was concerned there was no charitable use, and, being divided as to the other beneficiaries, the findings of the auditing judge, that neither was a charity, were confirmed.

The escheator appeals, contending all three come within the provisions of the act.

(1) From the record, it appears that the Odd Fellows' Home of Pennsylvania is a corporation formed to purchase a home for the support and maintenance of aged and indigent Odd Fellows in such manner as the by-laws may prescribe; it is composed of lodges and encampments of the Order of Odd Fellows, which become members by paying certain fees and weekly dues proportionate to their membership; any member of the corporation may be dropped on failure to keep up its dues, and may be reinstated on payment of all arrearages; each lodge or encampment is entitled, for each hundred members, to place one of them in the home as an inmate; the applicant must be a member of a lodge or encampment which is a member of the corporation, and his application must be made to his lodge or encampment and approved by it, which then makes application to the corporation and, upon the approval of a majority of the board of managers, is admitted; only those over sixty years of age, in good enough health to attend to their own wants, unable to earn their living, who have been unsuspended contributing members of a lodge or encampment, which

is a member of the corporation, for five consecutive years next preceding the application, are eligible to be admitted as inmates of the home. The Odd Fellows' Home of Pennsylvania is not a charity, nor are its funds devoted to a charitable use within the meaning of the Act of 1855. The lodge or encampment which is a member of the corporation, by paying its obligations therein, has a contractual right to designate one or more of its members, subject to a compliance with the by-laws, to become inmates of the home; it pays for the right, and whether it is cheaper by reason of the scheme of organization than it would otherwise be is immaterial. An applicant for charity is a suppliant, not one who asserts a right.

(2) The Rebekah Home is a corporation organized to support and maintain the widows or wives of indigent Odd Fellows, dependent Rebekahs and members of the Ladies' Auxiliary of the Odd Fellows' Home; its board of managers is made up from these various classes which maintain membership in accordance with its by-laws; each Rebekah lodge pays one cent per week per member to the corporation; members may be suspended or expelled; all monies are held in trust for the Rebekah Branch of the Odd Fellows; to be admitted to the home one must belong to one of the classes above enumerated and pay a fee of $300 and assign to the corporation all her property. This legatee is not a charity. The privilege of admission into the home and support therein is bought and paid for, and is a legal right, subject to the rules and regulations prescribed by the by-laws.

(3) The Great Council of the Improved Order of Red Men is the directing body of an order which is strictly a beneficial association; it maintains no home, and its benefits are confined to members, their wives and children; it is maintained by a per capita tax, and, in addition, each member is assessed a yearly sum of twenty-five cents to maintain the orphans of deceased members; the legacies to the Great Council are merged in the general funds. It is well settled in this State that the ordi-

nary beneficial association is not a charity: Swift's Executors v. Easton Beneficial Soc., 73 Pa. 362; Babb v. Reed et al., 5 Rawle 150; Blenon's Est., Brightly 338. The fact that the Red Men, in addition to the usual sick and funeral benefits, provide a fund for the support and maintenance of the orphans of deceased members does not alter the character of the association.

Stress is laid on the fact that the Odd Fellows' Homes received donations which help to pay the expense of maintaining the residents. We do not think this material. The question must be decided upon the "use" to which the gift is put, not the thought in the mind of the giver, or the reason impelling the gift, hence the cases defining "charity" are inapplicable except in so far as they apply the definition to the "use" to be made of the gift. The fact that the gift helps to maintain an institution which relieves some charity from maintaining the inmates has no controlling force; such a contention, if sustained, would make every gift for the maintenance of an individual, or a class of individuals, a charitable use because it might keep the recipient from becoming the object of public or private charity.

Those eligible to become inmates in the homes are, by reason of their membership, a part of a large body of persons having, in a sense, a quasi-family relationship, precluding the thought of charity. The homes are incidental to this relationship, and the organizations maintaining them do not assume responsibility for any not a member of their artificial families, and only for such of them as pay for the privilege. A charitable use is necessarily an unselfish use so that if the gift is used for the personal benefit of the members of the beneficial association the unselfish element is removed, and with it the charitable use.

We are of the opinion that the three legatees do not make a charitable use of their funds such as would render the gifts void under the Act of 1855, supra.

34, (1919).]            Opinion of the Court.

The decree is affirmed. Costs to be paid by the Commonwealth.