# Ralston's Estate.

*Wills — Probate — Witness—Competency—Charity—Interest of witness—Acts of April 26, 1855, P. L. 328, and June 7, 1917, P. L. 403.*

1. Under the Acts of April 26, 1855, P. L. 328, and June 7, 1917, P. L. 403, a witness to a will containing a gift to a charity, is not disqualified by reason of interest in the charity, where such interest is uncertain, remote and contingent.

2. A member of the Masonic fraternity is not disqualified as a witness to a will containing a gift to the Masonic Home, where it appears that the management and control of such home was exclusively in the grand lodge of the order, that the member in question was not a member of the grand lodge, and that his membership in the Masonic order gave him, so far as the home was concerned, merely the privilege to apply to his subordinate lodge for admission, and that such application might be refused either by the subordinate or grand lodge.

3. A member of the Odd Fellows fraternity is not disqualified as a witness to a will containing a bequest to an orphanage maintained by the order, where it appears that the witness was not a member of the grand lodge which controlled admission to the orphanage, that the children admitted were limited to orphans of deceased Odd Fellows, and that the witness at the time he signed the will was forty years old, a bachelor, and remained a bachelor until his death.

Argued May 23, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 20, May T., 1927, by Anna S. Smiley, from decree of O. C. Dauphin Co., No. 38, awarding distribution, in estate of Gustavus C. Ralston, deceased. Affirmed.

Exceptions to auditor's report. Before BIDDLE, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Exceptions dismissed. Anna S. Smiley, a daughter of decedent, appealed.

*Error assigned,* inter alia, was decree, overruling exceptions to auditor's report, and awarding distribution, quoting decree.

*Robert Rosenberg,* of *Rosenberg & Rosenberg,* for appellant.—The Odd Fellows Orphanage was a charity: Centennial & Memorial Assn. of Valley Forge, 235 Pa. 206; Phila. v. Masonic Home, 160 Pa. 572; Channon's Est., 266 Pa. 417.

Miller was not a disinterested witness: Kessler's Est., 221 Pa. 314; Johnson's Est., 249 Pa. 339; Arnold's Est., 249 Pa. 348; Stinson's Est., 232 Pa. 218; Palethorp's Est., 249 Pa. 389.

*F. B. Wickersham,* of *Metzger & Wickersham,* for Odd Fellows' Orphanage.—It has been universally held in Pennsylvania, that the ordinary beneficial association is not a charity: Babb v. Reed, 5 Rawle 151; Sharp's Est., 71 Pa. Superior Ct. 34; Channon's Est., 266 Pa. 417.

The witness to the will was disinterested: Channon's Est., 266 Pa. 417, 425; Baughman's Est., 281 Pa. 23; Darlington's Est., 289 Pa. 297.

*Wm. S. Snyder,* of *Snyder, Miller & Hull,* for Masonic Homes.—A bequest to a charity of a grand lodge of a fraternity is not invalid because the will making it was witnessed by a member of a subordinate lodge who was not a member of the grand lodge which constituted the subordinate lodge, and was not connected in any way with the organization, maintenance or administration of the charity, because the witness was a disinterested witness: Phila. v. Masonic Home of Penna., 160 Pa. 572; Combs & Hankinson's App., 105 Pa. 155; Jordan's Est., 161 Pa. 393; Kessler's Est., 221 Pa. 314; Jeanes's Est., 228 Pa. 537; Fetterhoff's Est., 228 Pa. 535; Stinson's Est., 232 Pa. 218; Johnson's Est., 249 Pa. 339; Arnold's Est., 249 Pa. 348; Palethorp's Est., 249 Pa.

389; Channon's Est., 266 Pa. 417; Baughman's Est., 281 Pa. 23. .

OPINION BY MR. JUSTICE SCHAFFER, June 25, 1927:

Testator, Gustavus C. Ralston, gave his residuary estate equally to the Masonic Home, located at Elizabethtown, and the Odd Fellows Orphans' Home, situated at Orphanage near Sunbury, to which institutions the orphans' court awarded the bequests.

This appeal is by Anna S. Smiley, a daughter of the decedent, who asserts that Fred C. Miller, one of the subscribing witnesses to the will, was not a disinterested witness owing to the fact that at the time he attested the document he was a member of the Masonic Fraternity and of the Independent Order of Odd Fellows.

The court below determined that the Odd Fellows Orphans' Home is not a charity, relying in his conclusion upon Sharp's Est., 71 Pa. Superior Ct. 34, and Channon's Est., 266 Pa. 417. We did not squarely determine in the latter case that the Odd Fellows' Home was not a charity, what we said was (p. 421) : "Moore is alleged to have been so interested in the Odd Fellows' Home, one of the seventeen remaindermen, as to disqualify him as a witness; but, to begin with, it was decided in Sharp's Est., 71 Pa. Superior Ct. 34, 36, the Odd Fellows' Home is not a charity, and this decision seems to be accepted by all parties in interest as the law of the present case, especially by appellant, who, on that theory alone, takes certain accumulations, which otherwise would go to such home."

To differentiate the two residuary legatees, determining one to be a charity and the other not to be, might require a dividing line of hairlike proportions. We have already decided that a bequest to the Masonic Home at Elizabethtown is for charitable uses: Phila. v. Masonic Home, 160 Pa. 572. We need not attempt to draw the line, however, as we are of opinion that Fred C. Miller was a disinterested witness when he signed the will and

hence whether the Odd Fellows Orphans' Home is or is not a charity makes no difference so far as the result accomplished by our decision is concerned.

As already stated, Miller was both a master mason and an Odd Fellow. Appellant urges these as the factors which should lead to the conclusion that he was not a disinterested witness so far as the Masonic Home is concerned. Title to the home is in five trustees, members of the grand lodge appointed by it. All contracts for the erection of buildings are made by the grand lodge which appropriates annually a sum for the estimated expenses required for its maintenance and upkeep, the money being derived by the grand lodge from an addition of $40 to the initiation fee paid by each new member of a subordinate lodge, and the grand lodge also assesses each subordinate lodge a per capita tax of $2 annually for maintenance.

It is argued that, under Kessler's Est., 221 Pa. 314, Miller was not a disinterested witness so far as the Masonic Home bequest is concerned, because he was a member of the Masonic fraternity and had a present and future pecuniary interest in the home. It is difficult to see, when all the facts are considered which were brought out on the hearing, how it can be said that he had either a present or future pecuniary interest in the charity. He was not a member of the grand lodge which maintained and managed it nor was he connected in any way with its organization, maintenance or administration. No master mason has an absolute right to be admitted to the home; in order to be received into it he must be dependent. Whether any person shall be admitted is a matter exclusively within the control of a committee of the grand lodge and then only on the application of the subordinate lodge of which the applicant is a member. If the committee of the grand lodge refuses admission, its decision is final. The only right that Miller's membership in the masonic order gave him, so far as the home

is concerned, was the privilege to apply to his subordinate lodge for admission.

The same argument is made as to the Odd Fellows' institution. So far as Miller's status as an Odd Fellow is concerned, the record discloses as to that organization the following: He was a member of a subordinate lodge, not of the grand lodge. The orphanage, to which the bequest we are considering was made, is a corporation organized under the laws of the Commonwealth and is a subordinate body of the grand lodge of this State and subject to the rules and regulations prescribed by it. The details of administration of the orphanage are in the hands of local officers and its general policy is dictated by the grand lodge, which maintains it by a per capita levy upon all members of subordinate lodges. To secure admission to the orphanage one must be an orphan of a deceased Odd Fellow, who was a member of a lodge located in the home district and must be over three years of age and under twelve. Application for admission must be made by the lodge of which the parent was a member. The question of admission is determined by a committee of the grand lodge. While not important factors in our conclusion, the record discloses that when Miller witnessed the will he was more than forty years of age and hence not eligible for admission to the orphanage, was a bachelor and so remained until his death, so that no orphan can obtain admission to the institution through him.

We do not intend to review again the many cases which we have determined under the Acts of Assembly covering the situation before us—the Act of April 26, 1855, P. L. 328, section 11; the Act of June 7, 1911, P. L. 702, and the Act of June 7, 1917, P. L. 403, section 6, which latter act covers the will now before us; we have quite recently considered them; a reference to a very few cases will suffice. In Channon's Est., 266 Pa. 417, 425, we pointed out that the subscribing witness who was there attacked "had no legal right to enter the home, or

even to apply for entrance, but simply belonged to a class, as one of which......if he possessed certain...... qualifications, and his lodge selected him as its nominee for the place, he might be entitled to enter the institution. That is to say, he did not possess, but simply had the capacity of attaining, the legal right to share in the benefits of the home." This we said "was too remote an interest to disqualify him as an attesting witness, under the Act of 1855." In Combs and Hankinson's App., 105 Pa. 155, 158, we ruled that "a witness is not incompetent on the score of interest unless he has a certain, not a possible benefit." In Jeanes's Est., 228 Pa. 537, we said (p. 541) : "Interest which, under the Act of 1855, disqualifies a witness from attesting a will containing religious or charitable bequests must be a present, certain and vested one. It must not be uncertain, remote or contingent." In our last pronouncement on the question, Darlington's Est., 289 Pa. 297, we determined that, because one of the subscribing witnesses was a ruling elder in a church to which, and affiliated organizations, legacies were given, he was not disqualified, saying (p. 305) : "The words 'disinterested witnesses' as used in the Act of April 26, 1855, P. L. 328, now replaced by section 6 of the Act of June 7, 1917, P. L. 403, must be read and understood in connection with the subject-matter of the statute, the evils to be avoided, the requirements being intended to safeguard the rights and property of persons approaching death, and the remedy to be provided in such case......The interest which will affect the capacity of an attesting witness must be in the nature of a direct property right in the testamentary fund, or such immediate, certain, close and intimate connection with the legatee as leads to the inevitable conclusion that the witness will pecuniarily profit by the legacy."

In the light of these authorities, and others which might be cited, our conclusion must be that Miller was a competent witness to the will and that the gifts to the

Opinion of the Court.                    [290 Pa.

Masonic Home and to the Odd Fellows Orphans' Home
are good.

The decree of distribution is affirmed at appellant's
cost.